**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
**801 Franklin Avenue.**
**Brooklyn, New York 11238**
**Tel.: (718) 855-9595**
**Attorneys for plaintiffs**

------------------------------------X----------------------------

KEVIN HARKLESS,

              Plaintiff(s),

   against

THE CITY OF NEW YORK,
DET. CHARLES INGRASSIA,
(SHIELD # 1149),
DET. STEVE LAFORTUNE,
(SHIELD # 92570)
CAPTAIN JAMES CRONIN,

            Defendant(s).

:**UNITED STATES DISTRICT COURT**
:**EASTERN DISTRICT OF NEW YORK**
:
:  CASE No.: 13CV03347
:
:  CIVIL ACTION
:
: **FIRST AMENDED COMPLAINT**
:
:
:  **PLAINTIFF DEMANDS**
: TRIAL BY JURY
:
:  **(JG) (RML)**
:

------------------------------------X----------------------------

TAKE NOTICE, the Plaintiff, Kevin Harkless, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Kevin Harkless, by his attorneys, the Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, Det. Charles Ingrassia, (Shield # 1149), Det. Steve Lafortune, (Shield # 92570), and Captain James Cronin, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute,

ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.    All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.  All conditions precedent to the filing of this action have been complied with. On October 31, 2012, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim was served upon Defendant City of New York. The plaintiff's claim was assigned the number 2012PI027843 by the City of New York's Comptroller's office.

6.  At least thirty days have elapsed since the service of the above mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.  This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## PARTIES

8.  Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

9.  The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10. Defendants, Det. Charles Ingrassia, (Shield # 1149), Det. Steve Lafortune, (Shield # 92570), and Captain James Cronin are police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about October 18, 2012, at approximately 7:00PM, the defendant officers, working with the New York City Police Department and assigned to the 75th Precinct, without probable cause and/or justification, arrested the plaintiff on or near 209 Milford Street, Brooklyn New York, County of Kings.

13. Prior to and after effecting the illegal arrest against the plaintiff, plaintiff was standing in front of a friend's house, discussing about having his computer repaired, when three of the defendant officers pulled up in a police vehicle, exited the vehicle and approached the plaintiff and his friends. Without any reason or justification, the defendant officers immediately started searching plaintiff and his friends and then told plaintiff and his friends to turn around. Plaintiff was immediately placed in handcuffs and ushered into a police vehicle. Thereafter, plaintiff was transported to the 75th Precinct where he was searched again and then placed in a cell. After several hours of being provided no food and no drink, plaintiff was then placed in a police vehicle and transported to the Central Booking Division of the Criminal Court in Kings County, where he was placed in a holding pen with numerous other arrestees and again with no food, drink or access to proper restroom facilities.

14. After being detained for several more hours in the holding pen, the plaintiff was charged with NY PL 220. 03, Criminal Possession of a Controlled Substance in the Seventh Degree and brought before a judge of the criminal court, wherein all charges against the plaintiff were adjourned in contemplation of dismissal and were eventually dismissed.

15. Plaintiff was never given an explanation of why he was

being arrested and detained by the defendant officers.

16. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they unlawfully arrested and imprisoned the plaintiff.

17. That as a direct result of the false allegations by the defendant an officer, the plaintiff was criminally charged under Docket Number 2012KN087271, with NY PL 220. 03, Criminal Possession of a Controlled Substance in the Seventh Degree and kept for approximately 24 hours, with no just reason.

18. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time was plaintiff in possession of any controlled substances or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

19. As a direct and proximate result of defendants' actions, plaintiff was unlawfully arrested and detained.

20. The decision to arrest the plaintiff was objectively unreasonable under the circumstances.

21. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

22. The factual claims by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

23. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to

commence the plaintiff's criminal prosecution.

24. At no time prior to or during the above events was there probable cause to arrest the plaintiffs, nor was it reasonable for the defendants to believe that probable cause existed.

25. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiffs.

26. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

27. The false arrest of plaintiff, plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

28. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

29. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, some or all of which may be permanent.

30. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of his attack, he continues to suffer and is fearful of going outside and when he sees the police, he suffers various emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and

breakdown in his personal relationships, in and outside of his home.

31.  As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32.  That the Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

33.  That the Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

34.  That the Defendant City of New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

35.  That the defendant City of New York deliberately and intentionally chose not to take action to correct the

chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

36. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

37. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

38. In an Order dated November 25, 2009, in _Colon v. City of New York, 09 CV 0008 (EDNY)_, the court held that:

> _Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other_

> *qualifications, serious training to avoid*
> *constitutional violations, and strong disciplinary*
> *action within the department—there is some evidence of*
> *an attitude among officers that is sufficiently*
> *widespread to constitute a custom or policy by the*
> *city approving illegal conduct of the kind now*
> *charged.*

39. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

40. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

41. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

42. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

43. This action has been commenced within one year and ninety days after the happening of the event upon which the claim

is based.

## AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

46. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

47. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

48. The defendant officers were at all material times acting within the scope of their employment, and as such, the Defendant City of New York is vicariously liable for the defendant officers acts as described above.

49. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

50. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

52. As a result of the foregoing, the plaintiffs were subjected to an illegal and improper search and/or strip-search.

53. The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

54. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

55. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Each defendant officer created false evidence against the plaintiff.

57. Each defendant officer forwarded false evidence and false

information to the prosecutors in the Kings County District Attorney's office.

58. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.

59. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

60. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

61. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

62. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

63. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

64. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

65. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

66. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

67. Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

68. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States

Constitution.

69. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION**

70. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71. The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

72. As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

73. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to

be proven at trial against the defendant officers, individually and severally.

74. The defendant officers were at all material times acting within the scope of their employment, and as such, Defendant City is vicariously liable for the defendant officers acts as described above.

## AS AN FIFTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

75. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

77. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

78. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

79. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly

14

involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

80. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

81. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do

they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

82. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

83. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

84. Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial

civil claims and police department action against officers.

85. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

86. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, hasrevealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

87. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the

Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

88. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

89. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

90. The actual principal/agent relationship between Defendant City of New York and the defendant officers was created by the fact they were employees of Defendant City of New York, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant

officers.

91.   The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

**AS A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-ALL DEFENDANTS**

92.   The Plaintiff hereby restates paragraph 1-91 of this complaint, as though fully set forth below.

93.   The Defendant Officers named and unnamed engaged in extreme and outrageous conduct, intentionally, recklessly and or negligently causing severe emotional distress to plaintiffs.

94.   Plaintiff's emotional distress has damaged his personal and professional live because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

95.   Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, Defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

96.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

**AS A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: NEGLIGENT RETENTION OF EMPLOYMENT SERVICES-AGAINST DEFENDANT CITY OF NEW YORK.**

**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-ALL DEFENDANTS:**

97.   The Plaintiff hereby restates paragraph 1-96 of this

complaint, as though fully set forth below.

98. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

99. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

100. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

101. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

102. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems
   proper.


   Dated: October 24, 2013,
          Brooklyn, New York


                              O'keke & Associates, PC.

                              _____
                              By:  John Iwuh, Esq. [JI 2361]
                              801 Franklin Avenue,
                              Brooklyn, New York 11238
                              Tel. No.  :( 718) 855-9595
                              DIRECT DIAL: (347) 442-5089

                              Patrick O'keke, Esq.  [PO 2861]
                              801 Franklin Avenue,
                              Brooklyn, New York 11238
                              Tel. No.  :( 718) 855-9595

21